IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

AT HUNTINGTON

UNITED STATES OF AMERICA,

        Respondent,

V.                                       CRIMINAL NO. 3:99-00015-04
                                        (CIVIL ACTION NO. 3:00-1176)

RODNEY FREEMAN,

        Movant.

**FINDINGS AND RECOMMENDATION**

This matter is presently pending before the Court on Rodney Freeman's claim, set forth in "Amended Pleadings" to his §2255 motion, in which he asserts that, though he asked counsel to appeal his conviction and sentence, she failed to do so. Freeman pled guilty on June 23, 1999, to counts in an indictment in which he was charged with conspiracy to distribute cocaine and cocaine base and using and carrying a firearm during a drug trafficking crime and was sentenced to consecutive terms of 120 months and 60 months on December 13, 1999. No appeal of his conviction and sentence was filed. On December 10, 2000, he filed a motion under the provisions of 28 U.S.C. §2255 together with a memorandum of law in which he asserted that counsel was ineffective for failing "to file a motion to suppress illegally seized evidence" and that counsel's "failure to defend and show plausible lines of defense" resulted in a plea by him which was "not knowingly and willingly entered." He also asserted in his motion and memorandum that the Court's decision in Apprendi v. New Jersey, 530 U.S. 466 (2000), was "applicable for collateral review" and

that the indictment under which he was charged "failed to allege all of the essential elements of a conspiracy to distribute cocaine and cocaine base," creating "a fatal defect in the charging instrument." Following a response to the motion by the United States, Freeman filed a reply on February 2, 2001, arguing that "the district court lacked jurisdiction to impose a sentence due to invalid and defective indictment" which did "not list any or refer to any amounts of drugs to seek any penalty to impose sentence." He asserted a Fifth Amendment due process violation at sentencing when the "Presentence Investigator and the Prosecutor constructively amended [his] indictment by placing essential elements of the crime into the Presentence Report (drug amounts)... ." Again, he cited, inter alia, the Court's decision in <u>Apprendi</u>. Findings and Recommendation filed February 25, 2003, recommending denial of relief were not objected to and the Court denied relief and dismissed the case on March 17, 2003. Subsequently, on being advised that Freeman had been transferred to the Federal Medical Center in Lexington, Kentucky, and had not received the findings and recommendation or the Court's order dismissing his case, the Court granted Freeman's motion for relief from judgment and gave him an extension of time to file objections to the findings and recommendation. On September 22, 2003, Freeman filed objections to the findings and recommendation. On that same date, he filed a motion seeking leave to amend the §2255 motion to include the claim, now pending, that his attorney "ignored [his] timely request to her to file his first appeal for him." By order entered November 13, 2003, the Court, concluding that the claims were without merit, denied relief on the claims contained in Freeman's original §2255 motion, granted his motion to amend to include the claim that counsel failed to appeal his conviction and sentence and referred the matter for further proceedings.

As the Court points out in United States v. Witherspoon, 231 F.3d 923, 926 (4th Cir. 2000), "[a]n attorney who fails to file an appeal after being instructed by his client to do so is per se ineffective," and as this Court recognized in its order granting Freeman's motion to amend, if his claim is established in this proceeding he will be entitled to relief. As an initial matter, however, the Court must determine whether the claim of failure to file an appeal is timely, a determination which depends on whether the claim "relates back" to the original proceeding.[1]

Movant was sentenced by the Court on December 13, 1999, and judgment was entered on December 15, 1999. No appeal was taken, and as a consequence Freeman's conviction became final on December 15, 1999. United States v. Sanders, 247 F.3d 139, 142 (4th Cir. 2001).[2] Section 2255 motions are subject to a "1-year period of limitation" which runs from "the date on which the judgment of conviction becomes final."[3] Assuming analysis under Clay is appropriate, movant had until December 30, 2000 to file a §2255 motion, and his original motion was obviously timely. His amended claim, alleging counsel's failure to appeal, was not filed until September 22, 2003, almost four years after his conviction became final, and would be barred by the one-year statute of limitations. It is, however, well established that Rule 15 of the Federal Rules of Civil Procedure and its provisions for amendments applies in §2255 proceedings, and under subsection

---

[1] It is assumed that this issue was encompassed in the referral. In its order, the Court noted that, under Rule 15(a), leave to amend is to "be given freely when justice so requires." It did not, however, address the question of relation back of the amendment.

[2] Arguably, the conviction became final on December 30, 1999, when the ten day notice of appeal period expired. See, Fed.R.App.P., 4(b); Clay v. United States, 537 U.S. 522 (2003).

[3] None of the other triggering events – an "impediment ... created by governmental action," newly discovered facts or a "newly recognized" right made retroactive – are present in this case. Nor is there any basis for applying the doctrine of equitable tolling. See, Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000); United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004).

(c) of that Rule an amendment relates back to the filing of a timely motion if the claim asserted in the amendment "arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original" motion. Rule 15(c)(2), Fed.R.Civ.P. This does not mean that claims relate back "simply because they relate to the same trial, conviction, or sentence as a timely filed claim." Mayle v. Felix, 125 S.Ct. 2562, 2573-74 (2005). Though relating to the same "trial, conviction, or sentence," untimely amendments will not relate back when "supported by facts that differ in both time and type from those the original pleading set forth." Id. at 2566. Thus in United States v. Pittman, 209 F.3d 314, 318 (4th Cir. 2000), the Court pointed out that "conduct, transaction, or occurrence" should not be interpreted "at too high a level of generality" and that "[t]he fact that claims arise from the same trial and sentencing proceedings as the original motion does not mean that the amended claims relate back." Specifically, the Court held that a claim that counsel failed to appeal his client's conviction, which "occurred after the sentencing hearing" and was "completely new," did not relate back to claims attacking sentencing enhancements. Nor does the fact that timely and otherwise untimely claims all involve allegations of ineffective assistance of counsel, by itself, provide a sufficient basis for finding relation back[4] where the amended claim and the timely filed claim do not arise "out of the same set of facts." United States v. Craycraft, supra at 457.

   In his original motion, Freeman's claims of ineffective assistance involved counsel's conduct prior to trial as it related to suppression of evidence and, in a very general and conclusory fashion, to his guilty plea, based on counsel's "failure to defend and show plausible lines of defense." Counsel's alleged failure to file an appeal occurred after sentencing and was clearly a

---

[4] See, United States v. Duffus, 174 F.3d 333 (3rd Cir. 1999); United States v. Craycraft, 167 F.3d 451 (8th Cir. 1999), cases cited and relied on by the Court in Pittman.

"separate occurrence in both time and type." Id. It being apparent that the claim of ineffective assistance asserted in movant's amended claim does not arise out of the same set of facts as those set forth in his timely filed motion, his claim of ineffective assistance based on counsel's alleged failure to appeal, which was filed well beyond the one-year statute of limitations, is barred.

Insofar as the merits of movant's claim of failure to appeal are concerned, though the affidavits submitted by movant and the United States conflict and such conflict would ordinarily require an evidentiary hearing, the Court believes on the basis of the facts presented here that movant's allegations with respect to counsel's failure to appeal are "palpably incredible." Muchibroda v. United States, 368 U.S. 487, 495 (1962). The fact that the claim of failure to appeal was not made until almost four years had passed from the time counsel allegedly failed to follow her client's instructions and file an appeal is obviously significant. That is particularly so in light of the fact that somewhat less than a year after sentencing Freeman did file a §2255 motion alleging ineffective assistance of counsel which included no allegations referencing a failure to appeal. Nor, after the United States noted in its January 18, 2001 response to his motion that he had not appealed "any aspect of his conviction or sentence" did he mention counsel's failure to appeal in the reply he filed on February 2, 2001. Movant's claim of failure to appeal comes almost four years after the failure allegedly occurred, almost three years after he filed a §2255 motion alleging ineffective assistance of counsel and it is not supported by any documentary evidence, either in the form of copies of letters to counsel[5] or letters or inquiries to the court concerning an appeal of his conviction. These facts appear compelling to the Court and lead it to conclude that movant's allegations of failure to appeal are "palpably incredible."

---

[5] In an August 10, 2000 letter from movant to his attorney, he does not mention an appeal.

Movant has filed two additional motions to amend. One, which was granted, stems from the Court's decision in Blakely v. Washington, 542 U.S. 296 (2004). In light of the Court's decision in United States v. Booker, 543 U.S. 220 (2005) and the decision of the court of appeals in United States v. Morris, 429 F.3d 65, 66 (4th Cir. 2005), concluding that Booker was not to be applied retroactively to cases on collateral appeal, his Blakely amendment provides no basis for relief. In his second motion to amend, Freeman asserts that counsel was "ineffective for failing to follow petitioner's specific request to challenge his 924(c) crime as it was alleged in count 5 of his superseding indictment." For the same reasons set forth with regard to the amendment concerning counsel's alleged failure to appeal, it is obvious that this claim does not relate back to the filing of the original motion, that it would be barred by the one-year statute of limitations applicable to §2255 motions and that, as a consequence, the motion to amend should be denied.

## **RECOMMENDATION**

On the basis of the foregoing findings of fact and conclusions of law, it is **RESPECTFULLY RECOMMENDED** that the relief sought in this §2255 proceeding be denied.

Movant and respondent are hereby notified that a copy of these Findings and Recommendation will be submitted to the Honorable Robert C. Chambers, United States District Judge, and that, in accordance with the provisions of Rule 8(b), Rules Governing §2255 Cases, the parties may, within thirteen days of the date of filing these Findings and Recommendation, serve and file written objections with the Clerk of this Court, identifying the specific portions of the Findings and Recommendation to which objection is made and the basis for such objection. The judge will

make a de novo determination of those portions of the Findings and Recommendation to which objection is made in accordance with the provisions of 28 U.S.C. §636(b) and the parties are advised that failure to file timely objections will result in a waiver of their right to appeal from a judgment of the district court based on such Findings and Recommendation. Copies of objections shall be served on all parties with copies of the same to Judge Chambers and this Magistrate Judge.

The Clerk is directed to file these Findings and Recommendation and to transmit a copy of the same to movant and all counsel of record.

DATED: August 3, 2006

*[signature: Maurice S. Taylor, Jr.]*
MAURICE G. TAYLOR, JR.
UNITED STATES MAGISTRATE JUDGE