IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA
HUNTINGTON DIVISION

RODNEY FREEMAN,

          Movant,

v.                            CIVIL  ACTION  NO.  3:00-1176
                                 CRIMINAL NO.  3:99-00015-04

UNITED STATES OF AMERICA,

          Respondent.

## MEMORANDUM OPINION AND ORDER

This action was referred to the Honorable Maurice G. Taylor, United States Magistrate Judge, for submission to this Court of  proposed findings of fact and recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B).  The Magistrate Judge has submitted findings of fact and recommended that the relief sought in this §2255 proceeding be denied.  The Court has reviewed the Objections filed by Movant on August 22, 2006.  The Court **ADOPTS** Magistrate Judge Taylor's findings of fact and recommendation and **DENIES** the relief sought in Movant's §2255 petition.

## STATEMENT OF THE CASE

On June 23, 1999 Movant pled guilty to conspiracy to distribute cocaine and cocaine base under 21 U.S.C. §841(a)(1) and using and carrying a firearm during a drug trafficking crime under 21 U.S.C. §924.  Movant was sentenced on December 13, 1999.  On December 10, 2000 Movant filed a Habeas petition under 28 U.S.C. §2255 claiming his counsel was ineffective for "failing to file a motion to suppress illegally seized evidence" and that counsel's "failure to defend and show plausible lines of defense" resulted in a plea by him that was "not knowingly and willingly entered."

He also  brought an *Apprendi* claim alleging the indictment failed to allege all of the essential elements for the conspiracy to distribute cocaine and cocaine base charges. *Apprendi v. New Jersey*, 530 U.S. 466 (2000).  Specifically the indictment did not include the amount of cocaine and cocaine base he was liable for under the crime charged and for sentencing purposes.

Pursuant to 28 U.S.C. § 636(b) and a standing order, Movant's §2255 Motion was referred to Magistrate Judge Taylor for proposed findings and recommendation.  Magistrate Taylor filed his findings and recommendation on February 25, 2003 recommending denial of relief.  Movant did not object to the findings and recommendation and the Court therefore adopted the report.   The Court was thereafter advised that Movant had been transferred to a medical facility and had not received the findings and recommendation.  The Court vacated its order and allowed additional time for Movant to object.   On September 22, 2003 Movant filed Objections to the findings and recommendation as well as a motion seeking leave to amend the original §2255 Motion.  In his Motion to Amend, Movant added the current claim before the Court, that counsel was ineffective since she failed to file an appeal as requested by Movant. On November 13, 2003, the court denied the claims in the original §2255 Motion and granted his Motion to Amend the pleadings.  On August 3, 2005, Movant again amended his claim and included a second claim of ineffective assistance of counsel based on insufficient evidence to sustain his gun possession conviction under 21 U.S.C. §924.   Pursuant to 28 U.S.C. § 636(b) and a standing order, Movant's amended §2255 Motion was referred to Magistrate Judge Taylor for proposed findings and recommendation.  In August 2006, Magistrate Judge Taylor entered his proposed findings and his recommendation that Movant's amended motion be denied.  Movant objects to the proposed findings and recommendation.

## ANALYSIS

Movant presents an ineffective assistance of counsel claim based on counsel's failure appeal the conviction and sentencing of Movant and counsel's failure to challenge the basis for conviction of the firearm charge under 21 U.S.C. §924.  First, Movant states he asked for the appeal, contacted counsel's office numerous times to request the appeal and asked his mother to contact counsel to request the appeal.  Counsel states she spoke to Movant after the conviction and Movant  understood there were no grounds for appeal.  Movant next argues there was no factual basis for his conviction of the gun possession charge, and counsel was ineffective for not challenging the conviction.

### Standard of Review

Movant objects to many of the Magistrate Judge's findings and his recommendation, therefore this Court's review is *de novo*.  28 U.S.C. § 636(b)(1)(C).  The Court will address each of Movant's grounds for relief below.

### Procedural Limitations of Habeas Petitions

A Habeas petition must be filed within the statutory time period of one year.  *See* 28 U.S.C. §2255.  The one year statute of limitations runs from the date the conviction becomes final.  Section 2255 does not have a provision for amendment of the petition.  Rule 12 of the Rules Governing Section 2255 Proceedings allows the Court to "apply the Federal Rules of Criminal Procedure or the Federal Rules of Civil Procedure" in the situations where "no procedure is specifically prescribed by these rules."  In determining whether the amendment will be considered timely the "courts have typically applied the Federal Rules of Civil Procedure 15 to the amendment."  *See United States v. Pittman*, 209 F.3d 314, 317 (4th Cir. 2000).  Rule 15 of the Federal Rules of Civil Procedure does allow for amendments to the petition after the one year statute of limitations if the

amendment relates back to the original timely filed petition.  A claim relates back if it "arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading." Fed R. Civ. P. 15.  The Section 2255 motion form used by petitioner states that the motion must include all grounds that are alleged, and further warns that "[i]f you fail to set forth all grounds in this motion, you may be barred from presenting additional grounds at a later date."  The Rule 15 provision to allow amendments if they relate back to the original petition should not be interpreted too generally. *Pittman*, 209 F.3d at 318. The amended claims do not automatically relate back because the claim arises from the same trial or sentencing proceeding as in the original motion.  *Id*. The claims are not sufficiently related simply because the original and amended claims are based on the same theory, such as ineffective assistance of counsel.  *See United States v. Craycraft*, 167 F.3d 451, 457 (8th Cir. 1999).   "An amended habeas petition, we hold, does not relate back (and thereby escape AEDPA's one-year time limit) when it asserts a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth." *Mayle v. Felix*, 545 U.S. 644 (2005); *see also Pittman*, 209 F.3d at 318.

Movant was sentenced on December 13, 1999, and judgment was entered on December 15, 1999.  Since no appeal was taken the conviction became final on December 15, 1999.  Movant's initial motion was timely, as it was filed on December 10, 2000.

### Ineffective Assistance of Counsel: Counsel's Failure to File an Appeal

The first amendment to the motion was filed on September 22, 2003, over two years after the statute of limitations had run.  In Movant's original claim of ineffective assistance of counsel, the allegations were based on counsel's failure to act before the plea.  The claims related to suppression of evidence and counsel's "failure to defend and show plausible lines of defense."  The

-4-

amended motion alleging counsel's failure to appeal is not related to these claims in time or type.

The claim in the amended motion is not related by type since the alleged actions occurred after conviction, and involved substantially different facts and issues.  Movant knew or had a strong reason to believe counsel had not filed the appeal when he filed his §2255 Motion and yet he did not include the claim in the original motion.  The affidavit of Teresa Morgan submitted by Movant indicates a basis for a belief that counsel did not file the appeal that is further supported by Ms. Morgan's conversation with counsel.  *See* Movant's Reply, Morgan Aff.  ("In June or July 2000, Rodney called me. . .complaining about his attorney's refusal to accept his phone calls. . .he had been trying to contact her for several months prior to this call to see if she had done his appeal. . .[and he] wasn't sure if she had actually" filed the appeal, as requested. Once Ms. Morgan reached counsel, she asked counsel if the appeal had been filed, and "took her response as a no."  It was then that Ms. Morgan asked for the paperwork that Movant would need to file the original §2255 petition.).

Further, the amended claims were not related in time.  Movant waited over two years to add the claim that counsel did not file an appeal.  The statute of limitations had run on the claims of ineffective assistance of counsel for failure to file an appeal by this time.  The Court adopts Magistrate Judge Taylor's recommendation.

## Ineffective Assistance of Counsel: Basis for Firearm Charge

Movant's second claim of ineffective assistance of counsel suffers from the same time issues as his first.  This claim was filed on August 3, 2005, four and half years after the original motion was filed.  The second claim is not related to the original motion for relief in time or type.  The claim challenges the sufficiency of Movant's  statements at his plea hearing to prove he is guilty of the

crime. Movant alleges that the superceding indictment failed to state the elements of the charge against him. Movant further alleges he is actually innocent of the firearm charge since, "the Government simply could not [prove] with the evidence presented to the court or with any other evidence" that he is guilty. All of the allegations center on the statements made by Movant and the government at his plea hearing. The claim is not related to the original motion in time, since the amended motion relates to Movant's statements at sentencing not the suppression of evidence. Further, the amended motion claiming insufficiency of the evidence for the conviction of his gun possession is not related to the type of claim stated in the original motion since it related to a different charge. The original motion related to the sufficiency of evidence of the drug conspiracy charges, not the gun possession charges. The original claim challenged a different count in the indictment than the amended motion. These claims are not sufficiently related by type to his claims of ineffective assistance of counsel or his *Apprendi* claim in the original petition.

If the Court were to reach the merits of this amended claim, it is clear Movant could not succeed in his claim. A review of the plea hearing transcript makes clear that Movant provided sufficient statements to be found guilty of gun possession in furtherance of drug trafficking. At first Movant stated the gun was not his, that he was in the car with others who possessed the gun and he was handed the gun to hide when the police approached the car. (Plea hr'g tr. 35). After discussion with his attorney and with the Court, he admitted he "brought the gun down from Columbus." (Plea hr'g tr. 39). He stated he had given Kyana Samuels the gun and she had returned it to him while he was in the car. (Plea hr'g tr. 43). Movant further stated to the Court that he had the gun during drug sales, "to protect [him] as an individual" and the gun was placed on the table at those times. (Plea hr'g tr. 51). These statements made by Movant show that there was enough evidence to find Movant

guilty of the firearm offense in relation to the narcotics charge. Counsel was not ineffective in representing Movant, and Movant is not "actually innocent" of the charge.  The Court adopts Magistrate Judge Taylor's recommendation.

## **CONCLUSION**

For the aforementioned reasons, the Court **ADOPTS** Magistrate Judge Taylor's findings and recommendation and **DENIES** Movant's petition for relief under Section 2255.  The Court **DIRECTS** the Clerk to send a certified copy of this Order to Magistrate Judge Taylor, counsel of record, and any unrepresented parties.

ENTER:        November 27, 2006

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE